# Disclosure of Tax Division Files for Purposes of General Accounting Office Audit

Under 31 U.S.C. § 67 and 26 U.S.C. § 6103, the Tax Division of the Department of Justice may disclose to the General Accounting Office (GAO) case files containing tax returns and related information for the purpose of and to the extent necessary in GAO's audit of Internal Revenue Service operations.

January 13, 1981

## MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, TAX DIVISION

This responds to your request for the opinion of this Office as to whether it is permissible for you to disclose to the General Accounting Office (GAO) your files concerning certain tax cases. On October 17, 1979, the Chairman of the Subcommittee on Commerce, Consumer, and Monetary Affairs of the House Committee on Government Operations requested the Comptroller General to review the activities of the Internal Revenue Service (IRS) with respect to tax protester activities. The review is designed to assess the nature and scope of the tax protester problem and to evaluate the actions taken by the IRS in dealing with that problem. As part of its review, GAO has requested that the Tax Division of the Department of Justice furnish its files with respect to 16 test cases involving alleged "vow of poverty" protester schemes. Prosecution has been declined in eight cases and authorized in the others. Your inquiry relates specifically to your files, each of which you state contains tax returns and return information.[1] We believe that the Tax Division is permitted to disclose such material to GAO under the provisions of 31 U.S.C. § 67 and 26 U.S.C. § 6103.

### I. Background

The Tax Reform Act of 1976 enacted into law 26 U.S.C. § 6103, whose principal purpose is to establish "a general rule that tax returns and return information are to be confidential and not subject to disclosure except as specifically provided by statute." House Committee on Ways and Means, 94th Cong., 2d Sess., Summary of the Conference

---

[1] We are informed that GAO does not seek grand jury material, whose disclosure is governed by Fed. Rule Crim. Proc. 6(e).

Agreement on the Tax Reform Act of 1976 (H.R. 10612), 43 (Comm. Print 1976). Under 26 U.S.C. § 6103(a), no officer or employee of the United States is permitted to "disclose any return or return information obtained by him . . . in connection with his service as such an officer or an employee . . . ." The term "return" is defined as any part of a "tax or information return, declaration of estimated tax, or claim for refund . . . ." § 6103(b)(1). The term "return information" is defined as "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing . . . ." § 6103(b)(2).

Section 6103 contains a number of limited exceptions to the general rule of confidentiality. The exception relevant for purposes of the present inquiry appears in § 6103(i)(6). That provision states, in pertinent part, that "upon written request by the Comptroller General of the United States, returns and return information shall be open to inspection by, or disclosure to, officers and employees of the General Accounting Office for the purpose of, and to the extent necessary in, making—(i) an audit of the Internal Revenue Service . . . which may be required by section 117 of the Budget and Accounting Procedures Act of 1950 (31 U.S.C. 67) . . . ." The relevant provision of 31 U.S.C. § 67 in turn empowers the Comptroller General to "make, under such rules and regulations as he shall prescribe, audits of the Internal Revenue Service." It authorizes GAO representatives to inspect returns and return information "[f]or the purposes of, and to the extent necessary in," making those audits. GAO representatives are also permitted access "to all other books, accounts, financial records, reports, files, papers, things, and property belonging to or in use by the Internal Revenue Service . . . ." 31 U.S.C. § 67(d) (Supp. I 1977).

For present purposes, the principal questions are (1) whether the GAO's requested examination of Tax Division files would be "for the purpose of, and to the extent necessary in, making an audit of the Internal Revenue Service"; and (2) whether § 6103(i)(6) contemplates disclosure by any agency having lawful possession of returns and return information. We believe that the answer to both questions is in the affirmative.

## II. Discussion

Under § 6103(i)(6), returns and return information may be disclosed to the GAO only "for the purpose of, and to the extent necessary in," making an audit of the IRS. This provision was enacted to carry out a general congressional goal of "permit[ting] the GAO to independently conduct management audits to review IRS administration of the tax

42

laws." H.R. Rep. No. 480, 95th Cong., 1st Sess. 6 (1977). The provision resolved a longstanding dispute between GAO and IRS with respect to GAO's authority to examine IRS files. The legislation was designed to enable the "GAO . . . [to] serve as a means of identifying alleged IRS abuses and weakness," *id.,* for Congress believed that "as a consequence of [its] refusal [to allow inspection], IRS' . . . management practices and administration of the tax laws have not been as efficient as they otherwise would have been." *Id.* at 7. Congress thus intended "that the GAO examine returns and individual tax transactions only for the purpose of, and to the extent necessary to serve as a reasonable basis for, *evaluating the effectiveness, efficiency and economy of IRS operations and activities.*" General Explanation of the Tax Reform Act of 1976, Joint Committee on Taxation, H.R. Rep. No. 10612, 94th Cong., 2d Sess. 337 (1976) (emphasis added). *See also* S. Rep. No. 42, 95th Cong., 1st Sess. 1 (1977). Congress' authorization of disclosure of returns and return information to the GAO must be read in light of this overriding purpose.

The Tax Division files contain two principal items: (1) tax returns and (2) files of the Division that contain returns and return information. The first question is whether disclosure of that material is justified as "for the purpose of, and to the extent necessary in," auditing the IRS. We believe it is so justified. We note, first, that both the IRS and GAO[2] are agreed that disclosure of the documents at issue is properly regarded as "necessary in" making an audit of the IRS. This construction of the statute, agreed upon by the two agencies responsible for administering the statute's relevant provision, "is entitled to deference unless it can be said not to be a reasoned and supportable interpretation of the Act." *Whirlpool Corp.* v. *Marshall,* 445 U.S. 1, 11 (1980). The IRS and GAO state that review of the Department's files may well aid GAO in assessing the effectiveness of the IRS' operations. The files may themselves evaluate IRS actions and will in all likelihood indicate whether the IRS has been referring cases to the Department of Justice in appropriate circumstances. GAO's task would be facilitated if, for example, the Department has concluded that the IRS has compiled insufficient evidence in cases in which it has recommended prosecution. GAO would also be aided if the files showed that IRS recommendations were being followed in most cases or that the reasons why prosecution was declined had nothing to do with the IRS' performance. The files may well show whether the IRS has properly selected, investigated, developed, and referred criminal cases. For these reasons, we believe that the interpretation offered by GAO and IRS is a "reasoned and supportable" one.

---

[2] The IRS and GAO were requested to provide memoranda expressing their views on the questions presented, and they reached identical conclusions.

The second question is whether § 6103(i)(6) contemplates disclosure by any agency having lawful possession of returns and return information, or whether the disclosure must be made solely by IRS personnel. In this context as well, the IRS and GAO are agreed that the statute permits disclosure by the Tax Division. We believe that the language, history, and structure of the statute are compatible with this view. First, § 6103(i)(6) states in broad terms that returns and return information "shall be open to inspection by, or disclosure to" GAO. The statute does not state that the materials should be disclosed only by the Secretary of the Treasury. This is a significant factor, for a number of the tax disclosure provisions state in plain terms that it is "the Secretary" who "may" or "shall" disclose returns or return information. *See* 26 U.S.C. § 6103(c), (f), (g). Similarly, the legislative history contains no indication that disclosure under § 6103(i)(6) was to be made solely by the IRS. *See* S. Rep. No. 938, 94th Cong., 2d Sess. 341 (1976). Finally, the structure of the statute supports the interpretation offered by the GAO and IRS, for, as noted, Congress made explicit who the releasing party must be when it intended that disclosure be made only by that party.[3]

We conclude by observing that anomalous results would be produced if the interpretation proposed by GAO and the IRS were rejected. There is no dispute that the relevant returns and return information may be obtained from the IRS, which has copies of the tax returns in question. The intention underlying the tax disclosure provisions of the Act—to limit undue circulation of returns and return information— would plainly not be furthered if § 6301(i)(6) were interpreted to preclude disclosure of the Tax Division's files, for the same information protected by the tax disclosure provisions is available to GAO in any event. The statutory purpose of preventing disclosure of returns and return information would not, therefore, be served if GAO's request were denied. As a result, we see no sufficient basis for rejecting the interpretation offered by GAO and IRS. We conclude that you are permitted to disclose the files in question.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] We also note that the Secretary of the Treasury has promulgated regulations permitting disclosure by other federal agencies in lawful possession of returns and return information even when the statute on its face requires disclosure by the Secretary *See* Treas. Reg. § 301.6103(p)(2)(B)-1(a).